# United States District Court
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| ALI BABAKHANI § | |
| § | |
| v. § | CIVIL ACTION NO. 3:23-CV-0244-S-BT |
| § | |
| U.S. IMMIGRATION AND CUSTOMS § | |
| ENFORCEMENT § | |

### MEMORANDUM OPINION AND ORDER

Before the Court are five motions filed by Petitioner: Application for Admission *Pro Hac Vice* (PHV) (ECF No. 18); unopposed Motion for Leave to Permit Appearance without Local Counsel (ECF No. 19); Motion to Revoke Notice to Cancel Petition for Writ of Habeas Corpus (ECF No. 21); Motion for Temporary Restraining Order (TRO) (ECF No. 22); and Application for Order to Show Cause Pursuant to 28 U.S.C. § 2243 (ECF No. 23). After careful consideration, the Court denies without prejudice Plaintiff's Motion for TRO and further ORDERS as follows.

### Background

Petitioner is a citizen and native of Iran. He entered the United States in October 2023 seeking asylum from alleged political persecution. He has been in federal custody since then.

On January 28, 2025, Petitioner filed a *pro se* habeas application. He seeks to have the Court order his immediate release from United States Immigration and Customs Enforcement (ICE) custody. The Court entered an Order to Show Cause (OSC) on March 4, 2025 requiring Respondent to answer or file other pleadings in response. On April 21, 2025, Respondent filed its Response. Petitioner did not file a reply.

Rather, Petitioner filed his TRO motion through new counsel on January 23, 2026. He raises similar argument as those first submitted to the Court by Petitioner in his *pro se* pleadings.

But he now contends that his continued detention warrants a TRO enjoining Respondent from continuing to detain him.

## Legal Standards and Analysis

### I. TRO

There are four prerequisites for the extraordinary relief of a TRO or preliminary injunction. To prevail, Petitioner must demonstrate (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm, for which he has no adequate remedy at law; (iii) that greater injury will result from denying the TRO than from its being granted; and (iv) that a TRO will not disserve the public interest. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir.1987); *Canal Author. v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974) (*en banc*). If a party fails to meet *any* of the four requirements, the Court cannot grant the TRO or preliminary injunction. *Id.*

Petitioner asserts that a TRO is warranted because ICE has continued to hold him "past the 90-day removal period without an opportunity for a bond hearing"—as well as the presumptively reasonable period of 180 days. He contends that he will suffer irreparable harm absent a TRO due to medical issues related to his kidney and mental health concerns.

The Court determines that Petitioner has failed to meet the four requirements for a temporary restraining order.

Plaintiff fails to demonstrate a substantial likelihood of success on the merits; that greater injury will result from denying the temporary restraining order than from its being granted; and that a temporary restraining order will not disserve the public interest. Petitioner simply states in a conclusory fashion that he poses no danger to society. He also fails to explain what has changed since his habeas application became ripe for review such that a TRO is warranted now.

In sum, Petitioner fails to provide the necessary evidence and legal authority to demonstrate that he is entitled to TRO. Accordingly, the Court denies without prejudice Petitioner's Motion for TRO.

II. **Additional Motions**

Regarding Petitioner's additional motions, the Court **ORDERS** as follows:

- Petitioner's Application for Admission PHV (ECF No. 18) and unopposed Motion for Leave to Motion for Leave to Permit Appearance without Local Counsel (ECF No. 19) are **GRANTED**;

- Petitioner's Motion to Revoke Notice to Cancel Petition for Writ of Habeas Corpus (ECF No. 21) is **GRANTED**. The Court will address Petitioner's ripe habeas application in due course;

- Petitioner's Application for Order to Show Cause Pursuant to 28 U.S.C. § 2243 (ECF No. 23) is **DENIED** as moot. The Court has already entered an OSC and Respondent has filed a response; and

- Petitioner has also filed a third amended petition (ECF No. 20). This filing fails to comply with Federal Rule of Civil Procedure 15, as Respondent has already filed a response to Petitioner's habeas application. See Fed R. Civ. P. 15(a); see also *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992) ("Because the government had filed its responsive pleading, . . . [petitioner] had no right to amend his [habeas petition] without leave of Court. . . ."). However, the Court notes that Petitioner's third amended petition provides additional factual background and raises the same claims for relief as those set forth in Petitioner's *pro se* petitions. Accordingly, the Court **ORDERS** Respondent, by **February 26, 2026**, to file a status report indicating whether it would prefer (i) for the Court to consider Respondent's Response (ECF No. 8) as sufficient to answer Petitioner's new petition; or (ii) file an amended response.

**SO ORDERED**.

January 27, 2026.

UNITED STATES DISTRICT JUDGE